**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**In re**

**ALICE PHILLIPS BELMONTE**                                  **Chapter 7**
                                                             **Case No. 12-76045 (AST)**

                              **Debtor.**
-------------------------------------------------------------------x
**HAROLD D. JONES, Chapter 7 Trustee,**

                              **Plaintiff,**                **Adv. Proc. No. 14-08097 (AST)**

      - against -

**MT. HELIX REAL ESTATE INVESTMENT**
**FUND LLC**

                              **Defendant.**
-------------------------------------------------------------------x

**MT. HELIX REAL ESTATE INVESTMENT FUND LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**Alan E. Marder**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
*Attorneys for Mt. Helix Real Estate Investment Fund LLC*
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York 11530-9194**
**(516) 741-6565**

**Table of Contents**

Page(s)

Table of Authorities..................................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................1

JURISDICTION ...........................................................................................................................1

FACTS...........................................................................................................................................1

ARGUMENT .................................................................................................................................3

I.       STANDARD ......................................................................................................................3

II.     THE COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE THE DEFENDANT WAS NOT IN EXISTENCE AT THE TIME OF THE TRANSFER........4

CONCLUSION .............................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3

*Fine v. ESPN, Inc.*,
  --- F. Supp. 2d ----, 2014 WL 1312261 (N.D.N.Y. Mar. 31, 2014) .....................................3, 4

*Geron v. Seyfarth Shaw LLP (In re Thelen LLP)*,
  736 F.3d 213 (2d Cir. 2013) ....................................................................................................3

*Goodnight v. TeleTech Customer Care Management*,
  2011 WL 6826432 (D. Mont. Dec. 12, 2011) .........................................................................4

*Noble Sys. Corp. v. Alorica Central, LLC*,
  543 F.3d 978 (8th Cir. 2008) ...................................................................................................4

*Staehr v. Hartford Financial Services Group, Inc.*,
  547 F.3d 406 (2d Cir. 2008) ....................................................................................................3

*Tabachnik v. Dorsey*,
  No. 04-9865, 2005 WL 1668542 (S.D.N.Y. July 15, 2005).....................................................3

**STATUTES**

11 U.S.C. § 544 ..............................................................................................................................2

11 U.S.C. § 548 ..........................................................................................................................1, 2

11 U.S.C. § 550 .......................................................................................................................1, 2, 4

28 U.S.C. § 157 ..............................................................................................................................1

28 U.S.C. § 1334 ............................................................................................................................1

New York's Debtor and Creditor Law § 273 .................................................................................2

New York's Debtor and Creditor Law § 274 .................................................................................2

New York's Debtor and Creditor Law § 275 .................................................................................2

New York's Debtor and Creditor Law § 276 ................................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................ 1, 3

Fed. R. Evid. 201 ............................................................................................................................ 4

Fed. R. Bankr. Proc. 7012 ......................................................................................................... 1, 3

## PRELIMINARY STATEMENT

This memorandum is submitted in support of Mt. Helix Real Estate Investment Fund LLC's ("**Mt. Helix**") motion to dismiss the Complaint, dated March 18, 2014 and brought by Harold D. Jones (the "**Plaintiff**"), as chapter 7 trustee for the estate of Alice Phillips Belmonte (the "**Debtor**"). Mt. Helix makes its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), as made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Complaint asserts seven causes of action against Mt. Helix, based upon actual and constructive fraud claims under New York law and sections 548 and 550 of title 11, United States Code. However, as demonstrated by the attached certificate of formation and certificate of registration, Mt. Helix did not have legal existence at the time of the transfer at issue and did not have receive the alleged transfer from the Debtor. Therefore, Mt. Helix requests that the Court take judicial notice of these documents and dismiss the Complaint in its entirety.

## JURISDICTION

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and 157(a) and 157(b)(1). This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(H). The basis for the relief requested herein is Federal Rule 12(b)(6), as made applicable by Bankruptcy Rule 7012.

## FACTS

Except as noted below, for purposes of this motion only, the facts are set forth in the Complaint filed by the Trustee in the above-captioned proceeding.

According to the Complaint, on November 29, 2011, the Debtor made a transfer of $358,705.37 to Mt. Helix (the "**Transfer**") with the actual intent to hinder, delay, and defraud

her creditors. In addition, the Complaint alleges that Debtor made the Transfer without receiving reasonably equivalent value while she was insolvent, had unreasonably small capital, and/or intended to incur debts beyond her ability to pay as such debts became due. Based on these allegations and the remaining allegations of the Complaint, the Trustee has brought the following seven claims against Mt. Helix:

    A.    Count I - actual fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A);

    B.    Count II – constructive fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B);

    C.    Count III – actual fraudulent transfer pursuant to New York's Debtor and Creditor Law § 276 and 11 U.S.C. § 544(b);

    D.    Count IV – constructive fraudulent transfer pursuant to New York's Debtor and Creditor Law § 273 and 11 U.S.C. § 544(b);

    E.    Count V - constructive fraudulent transfer pursuant to New York's Debtor and Creditor Law § 274 and 11 U.S.C. § 544(b).

    F.    Count VI - constructive fraudulent transfer pursuant to New York's Debtor and Creditor Law § 275 and 11 U.S.C. § 544(b); and

    G.    Count VII – recovery of avoided transfers pursuant to 11 U.S.C. § 550.

In addition to the facts set forth in the Complaint, Mt. Helix requests that the Court take judicial notice of the certificate of formation and certificate of registration issued by Delaware's Secretary of State and attached to the *Declaration of Alan E. Marder in Support of Mt. Helix Real Estate Investment Fund LLC's Motion To Dismiss*. Specifically, these two public records demonstrate that while the Transfer took place on November 29, 2011, Mt. Helix was not formed until January 3, 2012 and did not have legal existence until January 5, 2012.

# ARGUMENT

**I.    STANDARD**

Pursuant to Federal Rule 12(b)(6), as made applicable herein by Bankruptcy Rule 7012, the defendant may assert that the plaintiff failed to state a claim through a motion to dismiss the complaint.  In order to survive a motion to dismiss and state a viable claim, a complaint must allege sufficient facts, which, if accepted as true, state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).  It is not enough to allege facts that merely raise the "sheer possibility that a defendant has acted unlawfully," nor rely on "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  Rather, the complaint must allege facts that move a claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, in deciding a motion to dismiss, the Court generally only considers the "complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *Geron v. Seyfarth Shaw LLP (In re Thelen LLP)*, 736 F.3d 213 (2d Cir. 2013). However, the Court may also take judicial notice of public records in order to establish those records' existence and legal effect. *See Fine v. ESPN, Inc.*, --- F. Supp. 2d ----, 2014 WL 1312261, at *9 (N.D.N.Y. Mar. 31, 2014); *Tabachnik v. Dorsey*, No. 04-9865, 2005 WL 1668542, at *2 (S.D.N.Y. July 15, 2005) (citing Fed. R. Evid. 201(b)(2)) ("Courts may also take judicial notice of facts within the public domain and public records if such facts and records are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'").  Facts which the Court takes judicial notice of are not considered to be matters outside the pleadings, so as convert the defendant's motion to dismiss to a summary

judgment motion. *See Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 426 (2d Cir. 2008).

**II.    THE COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY BECAUSE THE DEFENDANT WAS NOT IN EXISTENCE AT THE TIME OF THE TRANSFER**

As stated above and as demonstrated by the documents attached to the accompanying declaration, Mt. Helix was formed as a Delaware limited liability company on January 3, 2012 and did not have legal existence until January 5, 2012. Mt. Helix requests that the Court take notice of its January 2012 formation and registration. Mt. Helix submits that the Court may take judicial notice of documents issued by Delaware's Secretary of State because these documents consist of records whose accuracy can be readily determined from a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (affirming lower court's decision to take judicial notice of financing statement filed with secretary of state); *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, --- F.Supp.2d ----, 2013 WL 5348329, at *2 (N.D. Ill. Sept. 24, 2013) (noting that Court may take judicial notice of certificate of registration from U.S. Copyright Office); *Goodnight v. TeleTech Customer Care Management*, 2011 WL 6826432, at *2 (D. Mont. Dec. 12, 2011) ("Just like traditional public documents, the results of records searches from a state's Secretary of State website are reliable and are properly considered by the court on a motion to dismiss.") (citing cases).

Because Mt. Helix was not formed until January 3, 2012 and did not have legal existence until January 5, 2012, Mt. Helix could not have received the November 29, 2011 Transfer at issue in this case. Thus, each of Counts I-VI, which assert various fraudulent transfer causes of action against Mt. Helix, fail to raise any possibility that Mt. Helix has acted unlawfully. As the Plaintiff has not stated a fraudulent transfer cause of action against Mt. Helix, the Plaintiff also

could not be entitled to recovery on Count VII, made pursuant to 11 U.S.C. § 550, which allows for recovery of avoided transfers. Accordingly, the Plaintiff has failed to state any claim against Mt. Helix, and the Complaint must be dismissed in its entirety.

## **CONCLUSION**

For the foregoing reasons, Mt. Helix's motion to dismiss the Complaint, in its entirety, should be granted.

**Dated: Garden City, New York**
**May __, 2014**            **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**


By: */s/ Alan E. Marder*
    Alan E. Marder
**990 Stewart Avenue, Suite 300**
**PO Box 9194**
**Garden City, New York 11530**
**(516) 741-6565**

*Attorneys for Mt. Helix Real Estate*
 *Investment Fund LLC*